UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERI L. BAKER, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION NO. _____ <br> ) |
| BAYER HEALTHCARE, <br> PHARMACEUTICALS INC. | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

# NOTICE OF REMOVAL BY DEFENDANT
# BAYER HEALTHCARE PHARMACEUTICALS INC.

TO:    The Judges of the United States District Court
        for the District of Massachusetts:

Defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") hereby removes this civil action from the Superior Court of Plymouth County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, Bayer further states as follows:

**I.    THE STATE COURT LAWSUIT.**

    1.    On April 25, 2012, Plaintiff Sheri L. Baker filed this product liability action in the Superior Court of Plymouth County, Commonwealth of Massachusetts, at Civil Action No. 12-00525-B (the "State Court Lawsuit").  Plaintiff's Complaint asserts claims under theories of negligence, gross negligence, breach of warranty, and violations of Mass. Gen. Laws c. 93A, §§ 2 and 9.  A true copy of Plaintiff's Complaint is attached hereto as <u>Exhibit A</u>.

2. The allegations in Plaintiff's Complaint relate to YAZ® and Gianvi®, prescription combination oral contraceptives. The Complaint alleges that Plaintiff was prescribed and ingested YAZ® from June 12, 2008 until June 29, 2010, followed by Gianvi® from June 30, 2010 until August 29, 2011, when she claims she was diagnosed with multiple and bilateral pulmonary embolisms purportedly caused by her ingestion of YAZ® and Gianvi®. *See* Complaint, ¶¶ 7-8, 11, 17. The Complaint further alleges that Plaintiff's resulting injuries include severe pain and suffering, disfigurement, permanent injury and mental anguish. *See id.*, ¶¶ 13, 34. Plaintiff seeks to recover compensatory damages, including, *inter alia*, medical expenses, lost earnings, and lost earning capacity, as well as exemplary and treble damages and attorneys' fees and court costs. *See id.*, ¶¶ 34-39, Prayer 1 through 5.

## II. THE MULTI-DISTRICT LITIGATION PROCEEDINGS.

3. Several hundred product liability actions alleging personal injuries from YAZ® or Gianvi® have been brought in federal courts across the country.

4. On October 1, 2009, the United States Judicial Panel on Multidistrict Litigation established MDL No. 2100, *In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, in the Southern District of Illinois to coordinate all federal marketing, sales practices, and products liability litigation involving YAZ® and Yasmin®, another prescription combination oral contraceptive. A true copy of the Yasmin/YAZ MDL Transfer Order is attached hereto as Exhibit B. Chief Judge Herndon has been assigned to preside over the MDL. Bayer intends to identify this action as a potential "tag-along" to the Yasmin/YAZ MDL proceeding.

### III. REMOVAL IS TIMELY.

5. Plaintiff's Summons and Complaint from the State Court Lawsuit were formally served on Bayer on or about May 18, 2012. *See* Summons, stamped "5-18-12" by process server (Exhibit A). Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b); *see also* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).

6. No previous application has been made for the relief requested herein.

### IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

7. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

#### A. Complete Diversity of Citizenship Exists.

8. Plaintiff, upon information and belief, is a citizen of the Commonwealth of Massachusetts. *See* Complaint, ¶ 1 ("The Plaintiff, Sheri L. Baker, is an individual who was born on June 29, 1987 and who resides in Kingston, Plymouth County, Massachusetts.").

9. Defendant Bayer HealthCare Pharmaceuticals Inc. is a non-Massachusetts (Delaware) corporation with its principal place of business in New Jersey. *See* Complaint, ¶ 2. Accordingly, Bayer is a citizen of the States of Delaware and New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (for diversity of citizenship purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

#### B. The Amount in Controversy Exceeds $75,000.

10. In this case, there can be no genuine dispute that the amount in controversy exceeds $75,000. Although Plaintiff's Complaint does not demand a specific dollar amount, it

is "facially apparent" from the Complaint that the damages Plaintiff claims exceed $75,000. *See* Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220 (D.N.H. 2004) (stating when dollar amount not alleged, court determines amount "facially apparent" from the complaint's allegations). Plaintiff's Complaint alleges she has suffered permanent physical injury and disfigurement, as well as severe mental anguish, lost earnings, and a decrease in her earning capacity. *See* Complaint, ¶¶ 12-13. In addition, Plaintiff seeks exemplary damages, treble damages pursuant to M.G.L. c. 93A, § 9, and attorneys' fees. *Id.* ¶¶ 38-39, Prayer 2-4.

11.     Further, Plaintiff sent Bayer a demand letter under M.G.L. c. 93A -- dated December 2, 2011, which was prior to the filing of her Complaint -- in which she demanded *$1,500,000* to settle her claims. A true copy of the Plaintiff's demand letter is attached hereto as Exhibit C. Plaintiff's demand letter further demonstrates an amount in controversy far in excess of $75,000, exclusive of interest and costs. *See* Stewart v. Tupperware Corp., 356 F.3d 335, 338-39 (1st Cir. 2004) (ruling district court may consider various types of evidence outside complaint to determine amount in controversy for diversity purposes); Doughty v. Hyster New England, Inc., 344 F. Supp. 2d 217, 219 (D. Me. 2004) (ruling settlement demand is factor in determining amount in controversy); Amoche v. Guarantee Tr. Life Ins. Co., No. 07-cv-371, 2008 WL 3843903, *4 (D.N.H. Aug. 14, 2008) (stating defendant may prove amount in controversy to remove case with, *inter alia*, plaintiff's admissions, plaintiff's informal estimates or settlement demands, or affidavits).

12.     Given the nature of Plaintiff's claims, the extent of the injuries alleged, damages sought, and Plaintiff's demand under M.G.L. c. 93A, it is eminently reasonable to conclude that the amount in controversy in this action meets or exceeds the minimum jurisdictional amount required under 28 U.S.C. § 1332.

## V. VENUE IS PROPER IN THIS COURT.

13. This civil action filed in the Superior Court of Plymouth County, Commonwealth of Massachusetts, may be removed to the United States District Court for the District of Massachusetts because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). As set forth above, however, this action is expected to be subject to coordinated proceedings under the Judicial Panel on Multidistrict Litigation.

## VI. BAYER REQUESTS ADDITIONAL DISCOVERY, BRIEFING AND ARGUMENT, IF NECESSARY.

14. If any question arises regarding the propriety of this removal, Bayer respectfully requests the opportunity to conduct discovery, to present a brief on any disputed issues, and to be heard at oral argument in support of its position that this action is properly removable.

## VII. NON-WAIVER OF DEFENSES.

15. Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of the rights of Bayer to assert any defense or affirmative matter in this action.

## VIII. COPIES OF STATE COURT PROCESS, PLEADINGS AND ORDERS.

16. Plaintiff has not served Bayer with any pleadings other than the Summons and Complaint (attached as <u>Exhibit A</u>) in the State Court Lawsuit. Bayer is unaware of any orders issued by the State Court in the State Court Lawsuit.

## IX. NOTICE HAS BEEN GIVEN TO THE OTHER PARTIES.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a copy is being filed with the Clerk of the Superior Court of Plymouth County, Commonwealth of Massachusetts. A copy of the Notice of Removal to be

filed in the Superior Court of Plymouth County, Commonwealth of Massachusetts, and to be served upon counsel for the Plaintiff, is attached hereto as <u>Exhibit D</u>.

WHEREFORE, Defendant Bayer HealthCare Pharmaceuticals Inc. hereby removes this action from the Superior Court of Plymouth County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                                                  BAYER HEALTHCARE
                                                  PHARMACEUTICALS INC.

                                                  By its attorneys,

                                                  */s/ Brian A. Davis*
                                                  Brian A. Davis (BBO No. 546462)
                                                     bad@choate.com
                                                  Ginger Hsu (BBO No. 667420)
                                                     ghsu@choate.com
                                                  CHOATE, HALL & STEWART LLP
                                                  Two International Place
                                                  Boston, MA 02110
                                                  Phone:  617-248–5000
                                                  Fax:  617-248–4000

Date:  June 7, 2012

5174434.1

-7-

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2012, the foregoing Notice of Removal was filed with the Court through the ECF system and a copy of the foregoing Notice of Removal was served either by the ECF system or by regular mail upon the Plaintiff.

                                                          */s/ Brian A. Davis*
                                                          Brian A. Davis

5174434.1